**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50208 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-02726-LAB-1 |
| v. | |
| JAIME IVAN MENDEZ-MACIEL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted September 18, 2019[**]

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Jaime Ivan Mendez-Maciel appeals from the district court's judgment and

challenges the 151-month sentence imposed following his guilty-plea conviction

for conspiracy to distribute methamphetamine and cocaine, in violation of 21

U.S.C. §§ 841(a)(1) and 846.  We have jurisdiction under 28 U.S.C. § 1291, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we affirm.

Mendez-Maciel challenges the district court's denial of his request for a second continuance of the sentencing hearing. Contrary to Mendez-Maciel's contention, remand is required only where prejudice resulting from the denial of the continuance is established. *See United States v. Wilkes*, 662 F.3d 524, 543 (9th Cir. 2011). Because Mendez-Maciel has not demonstrated that he was prejudiced by the denial of a second continuance, he has not shown that the district court abused its discretion or violated his rights under the Fifth and Sixth Amendments. *See id*. The record reflects that the district court allowed Mendez-Maciel to present his arguments at the sentencing hearing and it considered the relevant 18 U.S.C. § 3553(a) sentencing factors. Mendez-Maciel has not identified what information he would have provided the court that might have convinced it to impose a lower sentence had he been granted a second continuance. Finally, the significantly below-Guidelines sentence, which comported with the terms of Mendez-Maciel's plea agreement, is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

18-50208